IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01876-RPM-PAC

MICHAEL L. JOHNSON,

    Plaintiff,

v.

CONTINENTAL SERVICE GROUP, INC., a New York corporation

    Defendant.

---

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

---

COMES NOW the Defendant, Continental Service Group, Inc. (the "Defendant") by and through its counsel, Adam L. Plotkin, P.C., and responds to the Plaintiff's Complaint and Jury Demand ("Plaintiff's Complaint") as follows:

1.    Defendant admits that Plaintiff, an individual consumer, has filed the present action seeking damages for alleged violations of the FDCPA, but expressly denies that any violations of law occurred and expressly denies that Plaintiff is entitled to any damages. Defendant denies the remaining allegations contained in Paragraph No. 1 of Plaintiff's Complaint.

2.    Defendant admits that this Court has jurisdiction under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, and 28 U.S.C. §1367. Defendant denies the remaining allegations contained in Paragraph No. 2 of Plaintiff's Complaint.

3.	Defendant admits the allegation contained in Paragraph No. 3 of Plaintiff's Complaint stating that venue is proper in this District.

4.	Defendant admits the allegation that Plaintiff is a natural person and a "consumer" as such term is defined by 15 U.S.C. §1692a(3). Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations contained in Paragraph No. 4 of Plaintiff's Complaint and accordingly denies same.

5.	Defendant admits the allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

6.	Defendant admits that in general, Defendant is a "debt collector" under 15 U.S.C. §1692a(6).

7.	Defendant admits that Plaintiff incurred a financial obligation to the United States Department of Education in the form of a student loan, and that such financial obligation is a "debt" under 15 U.S.C. §1692a(5).

8.	Defendant admits that Plaintiff failed to pay his financial obligation to the United States Department of Education and that accordingly, Plaintiff's account with the United States Department of Education went into default. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations contained in Paragraph No. 8 of Plaintiff's Complaint and accordingly denies same.

9.	Defendant admits the allegation that Plaintiff's financial obligation to the United States Department of Education was assigned, placed, or otherwise transferred to Defendant for collection from Plaintiff. Defendant denies the remaining allegations contained in Paragraph No. 9 of Plaintiff's Complaint.

10. Defendant admits that one of its employees called Plaintiff on April 19, 2006. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the remaining allegations contained in Paragraph No. 10 of Plaintiff's Complaint.

11. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

12. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 12 of Plaintiff's Complaint.

13. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 13 of Plaintiff's Complaint.

14. Defendant admits that in May 2006 Defendant called Plaintiff on several occasions and Plaintiff called Defendant on several occasions.

15. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendant admits that in May 2006 Defendant called Plaintiff on several occasions and Plaintiff called Defendant on several occasions. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the remaining allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 18 of Plaintiff's Complaint.

19. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 19 of Plaintiff's Complaint.

20. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 20 of Plaintiff's Complaint.

21. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 21 of Plaintiff's Complaint.

22. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 22 of Plaintiff's Complaint.

23. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 23 of Plaintiff's Complaint.

24. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 24 of Plaintiff's Complaint.

25. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 26 of Plaintiff's Complaint.

27. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 27 of Plaintiff's Complaint.

28. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 28 of Plaintiff's Complaint.

29. Plaintiff claims to have recorded his contacts with Defendant. Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 29 of Plaintiff's Complaint.

30.     Plaintiff claims to have recorded his contacts with Defendant.  Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 30 of Plaintiff's Complaint.

31.     Plaintiff claims to have recorded his contacts with Defendant.  Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 31 of Plaintiff's Complaint.

32.     Plaintiff claims to have recorded his contacts with Defendant.  Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 32 of Plaintiff's Complaint.

33.     Plaintiff claims to have recorded his contacts with Defendant.  Defendant submits that any such recording will speak for itself and accordingly denies the allegations contained in Paragraph No. 33 of Plaintiff's Complaint.

34.     Defendant admits that to date, it has not filed any legal action against Plaintiff, but denies that it is required to file legal action in order to effect an Administrative Wage Garnishment on a United States Department of Education student loan account.

35.     Defendant repeats and realleges its responses to Paragraphs 1-34 of Plaintiff's Complaint as though fully set forth herein.

36.     Defendant denies the allegations contained in Paragraph No. 36 of Plaintiff's Complaint, including all subparts thereto.

37.     Defendant denies the allegations contained in Paragraph No. 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph No. 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

41. Defendant repeats and realleges its responses to Paragraphs 1-40 of Plaintiff's Complaint as though fully set forth herein.

42. Defendant denies the allegations contained in Paragraph No. 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph No. 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph No. 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph No. 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph No. 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph No. 47 of Plaintiff's Complaint.

48. Defendant repeats and realleges its responses to Paragraphs 1-47 of Plaintiff's Complaint as though fully set forth herein.

49.     Defendant denies the allegations contained in Paragraph No. 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations contained in Paragraph No. 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations contained in Paragraph No. 51 of Plaintiff's Complaint.

52.     Any allegation of Plaintiff's Complaint not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state any claims upon which relief may be granted.

2.     To the extent that the jury may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. §1692k(c).

3.     Plaintiff has not suffered any damages.

4.     To the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

5.     Declaratory relief is not available in the present action.

6.     Defendant reserves the right to add additional defenses presently unknown to it according to facts that may become known during the course of discovery.

WHEREFORE, Defendant respectfully prays that Plaintiff's Complaint be dismissed with prejudice in its entirety, that Defendant be awarded its reasonable attorneys' fees and costs incurred to date in defending this action and for such other and further relief as this Court deems proper.

Dated: October 20, 2006.

>Respectfully submitted,
>
>ADAM L. PLOTKIN, P.C.
>
>By: s/ Adam L. Plotkin_____
>    **Adam L. Plotkin, No. 23350**
>    621 Seventeenth Street, Suite 2400
>    Denver, Colorado 80293
>    Telephone: (303) 296-3566
>    FAX: (303) 296-3544
>    E-mail: aplotkin@alp-pc.com
>    Attorneys for Defendant Continental Service Group, Inc.

Address of Defendant:
P.O. Box 7
Fairport, NY 14450

## **Certificate of Service**

I hereby certify that on October 20, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

geoff@atzbachlaw.com.

>By: s/ Adam L. Plotkin_____
>    **Adam L. Plotkin, No. 23350**
>    621 Seventeenth Street, Suite 2400
>    Denver, Colorado 80293
>    Telephone: (303) 296-3566
>    FAX: (303) 296-3544
>    E-mail: aplotkin@alp-pc.com
>    Attorneys for Defendant Continental Service Group, Inc.